IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGDA Y. MARTINEZ-GONZALEZ,

     Petitioner,

v.                                                                                    No. 2:26-cv-1599-KG-GBW

TODD BLANCHE, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Magda Gonzalez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a Cuban citizen, entered the United States in 2022. Doc. 1 at 2. She was released on her own recognizance on June 2, 2022. *Id.* On April 30, 2026 Immigration Customs and Enforcement ("ICE") agents arrested Petitioner. *Id.* at 2. Petitioner remains detained at the Otero County Processing Center in New Mexico. *Id.* Petitioner has not been afforded a bond hearing.

Petitioner argues that her detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Doc. 1 at 7, 8. She seeks immediate release or, alternatively, a bond hearing in front of a neutral adjudicator. Doc. 1 at 9.

1

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

The Court concludes that Petitioner's detention violates the INA and the Due Process Clause of the Fifth Amendment and that release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions not relevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303.  Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, noncitizens detained under § 1226(a) are entitled to individualized bond hearings at the "outset of detention."  *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226 governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). ICE arrested Petitioner four years after her initial entry into the United States and did not apprehend her at or near the border. Accordingly, § 1225's mandatory detention provision does not apply because Petitioner effected an entry into the United States by living here for four years. Therefore, Petitioner's continued detention without a bond hearing violates the INA.

Moreover, this Court's prior decisions control. The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court held that § 1226 governs. *See* Doc. 6 at 2. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). The Government acknowledges that these decisions control the outcome here if followed. Doc. 6 at 2. Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

### B.      *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.

---

[1] There is currently a circuit split on this issue. The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v.* Bondi, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi,* 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed this issue.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). Petitioner's continued detention without such review "constitutes an ongoing violation of her right to due process." *Id.*

    **C.    *The proper remedy is release.***

    The Court next turns to the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

4

*IV.*    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Before Petitioner's removal order becomes final, the Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.  This Order does not affect the Government's ability to detain Petitioner once her removal order becomes final—at that point, her detention is governed by the mandatory detention provision of § 1231.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.